IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SHANTYA DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON COUNTY SHERIFF'S OFFICE; SOUTH CAROLINA LAW ENFORCEMENT DIVISION; DEPUTY MICHAEL L. MEDLIN, in his individual capacity; and AGENT WILLIAM NORRIS, in his individual capacity,<br><br>Defendants. | C/A No. 3:26-CV-01566-SAL-MGB<br><br>**ORDER** |

Plaintiff Shantya Davis ("Plaintiff") filed this civil action, raising claims under 42 U.S.C. § 1983 and state law. This matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 25.] In the Report, the magistrate judge recommends granting in part and denying in part the pending Motion to Dismiss Amended Complaint filed by Defendants South Carolina Law Enforcement Division ("Defendant SLED") and William Norris ("Defendant Norris") (collectively, "SLED Defendants"). [ECF No. 25.]

Plaintiff and SLED Defendants, all represented by counsel, timely objected to the Report. *See* ECF Nos. 26 (SLED Defendants' Objection); 27 (Plaintiff's Objection); 28 (Plaintiff's Reply to SLED Defendants' Objection); 30 (SLED Defendants' Reply to Plaintiff's Objection). For the reasons that follow, the court adopts the Report in part and modifies the Report's recommendation as to Plaintiff's civil conspiracy claim against Defendant SLED.

## BACKGROUND

The court incorporates the magistrate judge's recitation of the facts as alleged by Plaintiff. Briefly, Plaintiff was arrested by Defendant Michael L. Medlin ("Defendant Medlin") during a traffic stop. *See* ECF No. 25 at 1–4. According to the Amended Complaint, Defendant Medlin initiated the stop after Defendant Norris, a SLED officer, reported that Plaintiff had improperly pulled into a handicapped parking spot at her child's school, Pleasant Hill Elementary School ("PHES"), during morning drop off. *Id.* Defendant Medlin tased Plaintiff during the traffic stop, and both Defendants Medlin and Norris removed Plaintiff from her vehicle. *Id.* She sustained multiple injuries during the sequence of events. *Id.* at 1–5.

Plaintiff's Amended Complaint alleges the following claims:

1. 42 U.S.C. § 1983—Fourth and Fourteenth Amendment Violations against Medlin and Norris.
2. 42 U.S.C. § 1983—Liability against Defendant Lexington County Sheriff's Office ("LCSO")
3. Malicious Prosecution against Medlin and LCSO
4. False Arrest/Imprisonment against LCSO
5. Gross Negligence against LCSO and SLED
6. Civil Conspiracy against LCSO and SLED
7. Abuse of Process against LCSO and SLED

*See* ECF No. 16 at 10–25.

SLED Defendants filed their Motion to Dismiss on July 17, 2026, seeking dismissal of all claims against them. [ECF No. 21.] That motion is fully briefed. [ECF Nos. 23, 24.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

(citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* at 460–61; *see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). "To trigger de novo review, an objecting party 'must object with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections. . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

## DISCUSSION

### I. The Report

The magistrate judge issued her Report and Recommendation on September 15, 2026. [ECF No. 25.] The Report recommends dismissing all claims against Defendant SLED and the false arrest claim against Defendant Norris. *Id.* at 23. But the Report recommends allowing Plaintiff's § 1983 claims against Defendant Norris for malicious prosecution and excessive force to proceed. *Id.*[1]

[1] SLED Defendants argue in their Motion to Dismiss, and Plaintiff does not dispute, that Plaintiff's § 1983 claims arise under the Fourth Amendment, rather than the Fourteenth Amendment. [ECF No. 25 at 7–8 (noting Plaintiff's § 1983 claim against Defendant Norris arises from "pre-arrest or

Both SLED Defendants and Plaintiff object to portions of the Report. [ECF Nos. 26; 27.] And both sides filed replies, as well. [ECF No. 28; 30.] This matter is accordingly ripe for review.

**II. Objections Relating to Defendant Norris**

In her Amended Complaint, Plaintiff asserts three causes of action against Defendant Norris under § 1983: (1) false arrest; (2) malicious prosecution; and (3) excessive force. *See* ECF Nos. 16; 25. SLED Defendants move for the dismissal of all three. *See* ECF Nos. 21; 25 at 6.

The Report deals with Plaintiff's claims for false arrest and malicious prosecution together, as the absence of probable cause is a required element for both. *See* ECF No. 25 at 8–9. The events of this case led to Plaintiff being arrested and prosecuted for three different charges—parking in a handicapped space, resisting arrest, and failure to produce a driver's license—and the Report analyzes probable cause for each separately. Plaintiff was found guilty of failure to produce a driver's license, and her own allegations state that she did not comply when Defendant Medlin made several demands for her driver's license. *See* ECF No. 16 at ¶¶ 36–37. Even construing all of the allegations in Plaintiff's favor, the Report explains that the court cannot find Plaintiff plausibly alleged she was arrested for this charge without probable cause. [ECF No. 25 at 13.] And because there was probable cause for her arrest as to this charge, the magistrate judge recommends dismissing Plaintiff's false arrest claim in its entirety. *Id.*

Plaintiff's claim for malicious prosecution is another matter—that is, even if there was probable cause for one charge, that does not mean that there was probable cause for all three. *See id.* at 11–14. The Report begins by examining the charge for parking in a handicapped space, a

arrest-related conduct" and therefore is governed by the Fourth Amendment rather than the Fourteenth Amendment).] The magistrate judge also construed Plaintiff's § 1983 claim as arising under the Fourth Amendment. Again, Plaintiff did not object. This court likewise uses that framework.

charge for which she was later acquitted. *Id.* at 11. South Carolina law prohibits parking in a handicapped space without a handicapped license plate or placard. S.C. Code Ann. § 56-3-1970(a). In her Amended Complaint, Plaintiff states she "briefly pulled her vehicle into a handicapped parking space at the front of PHES, kept her vehicle in gear, and allowed her child to exit the vehicle. Ms. Davis's vehicle remained in reverse while stopped in the space." [ECF No. 16 at ¶ 26.] Although, according to the Amended Complaint, Defendant Norris witnessed and took a picture of Plaintiff's car in the handicapped parking space, he did not arrest her. *See id.* at ¶ 28. Instead, he conveyed some information to Defendant Medlin, who executed the arrest. *See id.* at ¶¶ 29–34. Thus, the Report explains that even if the court could find the alleged facts establish probable cause, there is the added consideration of whether there was probable cause under the collective knowledge doctrine. *See* ECF No. 25 at 10–12. The magistrate judge recommends allowing this claim to proceed because "more complete fact discovery is needed to decide whether the collective-knowledge doctrine can be applied here" and further factual development is needed before the court can affirmatively hold that probable cause existed as a matter of law. *Id.* at 12.

With regard to Plaintiff's resisting arrest charge, which was dismissed by the Solicitor's Office, the Report concludes that Plaintiff plausibly alleged she was arrested for that charge without probable cause. For instance, she alleges she never made any threatening gestures, attempted to flee, attempted to operate her vehicle, or posed any threat to Defendant Medlin or any other person. [ECF No. 16 at ¶ 38.] Thus, the Report recommends allowing this claim to proceed, as well. The court agrees with the magistrate judge's recommended disposition and discusses the parties' objections below.

**a. False Arrest**

As noted above, the Report recommends dismissal of the false arrest claim against Defendant Norris. Plaintiff does not object. *See* ECF No. 27. Finding no clear error, the court grants SLED Defendants' motion as to this claim. *See Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond*, 416 F.3d at 315) (stating the court reviews portions of the report "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*" (emphasis added)). Plaintiff's § 1983 false arrest claim against Defendant Norris is dismissed.

**b. Malicious Prosecution**

SLED Defendants begin their objections by arguing Plaintiff failed to plausibly allege Defendant Norris lacked probable cause for the traffic stop, and the Report was incorrect to analyze whether there was "probable cause as to each charge" against Plaintiff. [ECF No. 26 at 3–4.][2] SLED Defendants further argue that there was clearly probable cause for the initial traffic stop based on the allegations in the Amended Complaint. *Id.* at 4–5. But based on the court's reading of the applicable South Carolina law, it is unclear whether Plaintiff's actions in pulling into the handicapped space at PHES to drop off her child violated the statute.[3] And, as explained in the

[2] The court notes the Report was correct to analyze whether there was probable cause as to each charge against Plaintiff. *See Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024) ("The question here is whether a Fourth Amendment malicious-prosecution claim may succeed when a baseless charge is accompanied by a valid charge . . . . Consistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate suits like [plaintiff's] *charge by charge*.") (emphasis added).

[3] The South Carolina Court of Appeals has found the definition of "park" under S.C. Code Ann. § 56-5-610 is not applicable to section 56-3-1970. *Clemson Univ. v. Speth*, 543 S.E.2d 572, 574 (S.C. Ct. App. 2001). This definition provides to "'park,' when prohibited, means the standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in loading or unloading." S.C. Code Ann. § 56-5-610. What the court knows is that the state court has rejected "park" as defined in S.C. Code Ann. § 56-5-610 as allowing able-bodied drivers to use handicapped parking spaces temporarily "for the purpose of and while actually engaged in loading or unloading" as defeating "the plain legislative intention of providing parking spaces exclusively for the use of people with disabilities." *Clemson Univ.*, 543 S.E.2d at

Report, at this stage, the court must take all Plaintiff's allegations as true and must construe all reasonable inferences in her favor. *See* ECF No. 25 at 6, 15. Under that standard, even if the court could say Defendant Norris had probable cause to charge Plaintiff with parking in a handicapped space after seeing her pull into a handicapped spot for her child to exit the car, there is an added layer of whether Defendant Medlin, who executed the arrest, had probable cause under the collective-knowledge doctrine. *See Novak v. Stuart*, No. 1:22-cv-00010, 2022 WL 3587828, at *5 (W.D. Va. Aug. 22, 2022) ("[P]robable cause determinations are generally more appropriate when the record is fully developed."); *United States v. Massenburg*, 654 F.3d 480, 492–93 (4th Cir. 2011) ("We have applied the collective-knowledge doctrine often, . . . and our case law likewise establishes that the doctrine has a limited domain: officers acting on the information and instructions of other officers. . . . [T]he collective-knowledge doctrine simply directs us to substitute the knowledge of *the instructing officer or officers* for the knowledge of the *acting officer*; it does not permit us to aggregate bits and pieces of information from among myriad officers, nor does it apply outside the context of communicated alerts or instructions." (emphasis in original)); *United States v. Ferebee*, 957 F.3d 406, 411 (4th Cir. 2020) ("Although some circuits permit the aggregation of individual bits of independent knowledge . . . this circuit limits application of the doctrine to cases where the search or arrest is directed by an officer who himself has sufficient knowledge to amount to probable cause[.]"). The pleadings do not show what Defendant Norris actually observed and communicated to Defendant Medlin, whether he instructed an arrest or relayed a report, or whether his report was accurate. The court agrees with

---

574. But SLED Defendants argue Plaintiff's own admitted actions in the Amended Complaint, on their face, violate the statute. *See* ECF No. 26 at 4. The court is not convinced and in fact, Plaintiff was acquitted by a jury, of this charge. *See* ECF No. 16 at ¶ 55.

the magistrate judge that more complete factual discovery is required before the court can determine that probable cause existed for this charge as a matter of law.

As to resisting arrest, again, the Amended Complaint alleges Defendant Norris was present for at least some of the arrest. ECF No. 16 at ¶ 43. Here, too, the court cannot find that probable cause existed for that charge as a matter of law at this stage.

SLED Defendants also argued that Plaintiff's malicious prosecution claim against Defendant Norris was barred by *Heck*. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994). But the Report rejected that argument, explaining that any finding that there was no probable cause for Plaintiff's parking in a handicapped space or resisting arrest charges would not negate any element of her failure to produce a driver's license conviction. ECF No. 25 at 13–14; *see also Heck*, 512 U.S. at 484–86 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. . . . We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution. . . ."). SLED Defendants object and reassert a *Heck* bar. [ECF No. 26 at 6–7.] This court agrees with the magistrate judge's analysis. Plaintiff's conviction for failing to produce her driver's license would not be invalidated by any success on her malicious prosecution claims for resisting arrest and parking in a handicapped space. Thus, these claims are not barred by *Heck*. *See* ECF No. 25 at 14.

For the above reasons, viewing the allegations and plausible inferences in Plaintiff's favor, Plaintiff's § 1983 malicious prosecution claim against Defendant Norris should proceed. The court overrules SLED Defendants' objections.

**c. Excessive Force**

Although SLED Defendants seek dismissal of Plaintiff's excessive force claim against Defendant Norris, the Report recommends allowing that claim to proceed. [ECF No. 25 at 14–16.] As explained in the Report, "[t]o state an excessive force claim under the Fourth Amendment, a plaintiff must show that he was seized and that the force used was objectively unreasonable." *Id.* at 15 (quoting *Parson v. Miles*, No. 417CV00708RBHKDW, 2018 WL 1477601, at *6 (D.S.C. Mar. 27, 2018) (citation omitted)). The Fourth Circuit has identified factors that courts should consider in cases of alleged excessive force: (1) "the severity of the crime at issue"; (2) "whether the suspect pose[d] an immediate threat to the safety of the officers or others"; (3) "whether the suspect was actively resisting arrest or attempting to evade arrest by flight"; and (4) "the extent of the plaintiff's injuries." *Hupp v. Cook*, 931 F.3d 307, 322 (4th Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)) (internal citations and quotations omitted). So the analysis is ultimately very fact-specific, and at this stage, facts and reasonable inferences must be drawn in Plaintiff's favor. [ECF No. 25 at 15.] With that in mind, the Report concludes the *Graham* factors weigh in Plaintiff's favor, noting:

> Plaintiff was not suspected of committing any violent or other serious crime; she did not pose a threat to the safety of the officers or others; she had already been tased three times and was not resisting or attempting to evade arrest when she was removed from her car by Norris and Medlin; and she suffered "bloody" injuries warranting placement on an EMS stretcher and transport to the hospital by ambulance for treatment.

*Id.* at 15–16. Thus, the Report recommends denying SLED Defendants' motion to dismiss Plaintiff's excessive force claim.

SLED Defendants object, arguing "[t]he only factual allegation regarding [Defendant] Norris's conduct at the scene of the traffic stop is that '[Defendant Norris] physically participated in removing [Plaintiff] from her vehicle, assisting Defendant Medlin in taking [Plaintiff] into

custody.'" [ECF No. 26 at 7 (quoting ECF No. 16 at ¶ 43).] They claim this "sole factual allegation" is not enough to plausibly allege that Defendant Norris used objectively unreasonable force against Plaintiff and that speculation is required to attribute Plaintiff's injuries to Defendant Norris. *Id.* at 8.

The court disagrees. Again, at this stage, the court must take Plaintiff's allegations as true and draw all reasonable inferences in her favor. The Amended Complaint states that Defendant Norris participated in physically removing Plaintiff from her vehicle and that she suffered injuries, to wit: "physical injuries including taser wounds, a bloody injury to her left forearm, carpopedal spasms, and acute stress reaction requiring emergency medical treatment . . . ." [ECF No. 16 at ¶ 45.] Drawing reasonable inferences in Plaintiff's favor, at least some of these injuries plausibly resulted from the removal in which Defendant Norris participated. This is sufficient to state a claim for excessive force. *See Parson*, 2018 WL 1477601, at *6 ("To state an excessive force claim under the Fourth Amendment, a plaintiff must show that he was seized and that the force used was objectively unreasonable." (citing *Graham*, 490 U.S. at 395)); *Graham*, 490 U.S. at 396 (stating an excessive force inquiry requires courts pay "careful attention to the facts and circumstances of each particular case"); *see also Doriety for Estate of Crenshaw v. Sletten*, 109 F.4th 670, 680–81 (4th Cir. 2024) (holding at motion to dismiss stage the plaintiff's allegations were sufficient to allege a plausible claim of excessive force and finding district court erred in construing facts in manner inconsistent with the plaintiff's factual allegations).

The court thus overrules SLED Defendants' objection and denies their motion to dismiss the excessive force claim against Defendant Norris.

## III. Objections Relating to Defendant SLED

Plaintiff's Amended Complaint alleges claims against Defendant SLED for gross negligence, civil conspiracy, and abuse of process pursuant to the South Carolina Tort Claims Act ("SCTCA"). [ECF No. 16 at 19–25.] The Report recommends dismissing all claims against Defendant SLED. [ECF No. 25 at 23.][4] Plaintiff objects to the recommended dismissal of her gross negligence and civil conspiracy claims. [ECF No. 27 at 1.]

**a. Gross Negligence**

In her Amended Complaint, Plaintiff alleges Defendant SLED was "grossly negligent, willful, wanton" by "failing to properly hire, retain, train, manage, supervise, and oversee their officers/deputies/employees/agents" and "failing to enforce their own codes, procedures, protocols, policies, regulations, if [Defendant SLED] had any[.]" [ECF No. 16 at 19–20.]

The Report explains that, in South Carolina, claims against employers for negligent hiring, supervising, or training employees generally hinge on "knowledge of the employer and foreseeability of harm to third parties." [ECF No. 25 at 18 (citing *James v. Kelly Trucking Co.*, 661 S.E.2d 329, 330 (S.C. 2008); *Kase v. Ebert*, 707 S.E.2d 456, 459 (S.C. Ct. App. 2011)).] The knowledge component requires the employer's "awareness that the employment of a specific individual created a risk of harm to the public." *Holcombe v. Helena Chemical Co.*, 238 F. Supp. 3d 767, 770 (D.S.C. 2017) (citation and quotation omitted). Further, claims of negligent supervision focus on the foreseeability of the harm. [ECF No. 25 at 18 (citing *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292, 299 (S.C. 1996) ("An employer owes a duty of care to a third party when the possible harm resulting to the third party by the employee could have been reasonably anticipated by the employer.")).] The Report recommends dismissing the gross negligence claim

---

[4] As noted in the Report, Plaintiff brings gross negligence, civil conspiracy, and abuse of process claims against Defendant LCSO. [ECF No. 25 at 17.] But Defendants LCSO and Medlin have not argued for dismissal of the claims against them. *Id.* at 23.

because "the Amended Complaint does not include any allegations including [Defendant] SLED 'knew or should have known of the danger [Defendant Norris] posed to others.'" [ECF No. 25 at 18–19 (citing *Holcombe*, 238 F. Supp. 3d at 773 ("Whether the claim is simply one of a negligent failure to supervise or instead involves improper training, the key question is whether the employer knew or should have known of the danger the employee posed to others.")).]

In her objections, Plaintiff claims the Report applies a "heightened pleading standard beyond what Rule 12(b)(6) requires" and "overlooks factual allegations in the Amended Complaint that plausibly establish SLED's knowledge or constructive knowledge of the risk of harm." [ECF No. 27 at 4.] In particular, Plaintiff argues the Report imposed a requirement that plaintiff plead instances of misconduct separate from the underlying incidents at issue. But she maintains the Amended Complaint contains sufficient factual allegations to plausibly infer that Defendant SLED knew or should have known the employment of Defendant Norris created a risk of harm to others. *See id.* at 4–7.

The court agrees with the magistrate judge's reasoning. Although specific allegations of prior misconduct are not strictly required, the Amended Complaint must allege facts plausibly showing that Defendant SLED knew or should have known that Defendant Norris's employment created an undue risk of harm to the public. *See* ECF No. 25 at 19; *James*, 661 S.E.2d at 330 (requiring a plaintiff asserting gross negligence based on negligent hiring, training, retention, or supervision to show that the "employer knew or should have known that its employment of a specific person created an undue risk of harm to the public[.]"). The Amended Complaint contains no such allegations.

Although the Amended Complaint alleges that Defendant Norris allegedly engaged in traffic enforcement activities at PHES, including assisting with crosswalk and crossing guard

duties on certain mornings, it does not allege Defendant SLED knew or should have known of his voluntary work at PHES, or that those activities created an undue risk of harm to the public. *See* ECF No. 16 at ¶ 21.

Plaintiff relies on two allegations to establish Defendant SLED's knowledge: her April 15, 2024 encounter with Defendant Norris and Norris's prior request that Defendant Medlin patrol PHES. Plaintiff contends these allegations "support a plausible inference that Defendant SLED knew or should have known that Defendant Norris was operating in a self-appointed enforcement role at PHES outside the scope of his SLED-defined duties." [ECF No. 23 at 12.] But neither allegation, as pleaded, supports that inference. Instead, Plaintiff merely reiterates that crosswalk duties were not part of Defendant Norris's responsibilities as a SLED employee and asserts that "Defendant SLED's failure to supervise its agent in that [self-appointed] role [at PHES] created a foreseeable risk of harm to the public." [ECF No. 27 at 6.] This argument does not address the critical deficiency. That is, the Amended Complaint does not plausibly allege that SLED knew or should have known of Norris's voluntary activities or that his employment presented an undue risk of harm to the public.

Accordingly, the court agrees with the Report that that these allegations are insufficient to state a gross negligence claim against Defendant SLED. *See* ECF No. 25 at 17–19; *James*, 661 S.E.2d at 330. Plaintiff's objection is overruled, and the gross negligence claim against Defendant SLED is dismissed.

**b. Civil Conspiracy**

The Amended Complaint alleges a civil conspiracy claim against Defendant SLED based on alleged acts committed by Defendants Medlin and Norris. [ECF No. 16 at 21–23.] SLED Defendants move for dismissal of this claim, arguing Plaintiff failed to identify any additional acts

allegedly committed in furtherance of the purported conspiracy. [ECF No. 21 at 13–14.][5] In SLED Defendants' view, Plaintiff's allegations merely restate the same conduct that forms the basis of Plaintiff's other causes of action, which cannot support a separate claim of civil conspiracy. *Id.*

There are four elements required to state a claim for civil conspiracy under South Carolina law—"(1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." [ECF No. 25 at 19 (quoting *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021)).] As noted in the Report, Plaintiff "must plead additional facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim." *Id.* (quoting *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009), *overruled on other grounds by Paradis*, 861 S.E.2d 774). The Report reasons that Plaintiff's civil conspiracy claim must fail because the particular acts charged as conspiracy are one and the same to the other tortious acts alleged in the Amended Complaint. *See Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 278 S.E.2d 607, 611 (S.C. 1981) ("Where the particular acts charged as a conspiracy are the same as those relied on as the tortious act or actionable wrong, [P]laintiff cannot recover damages for such act or wrong, and recover likewise on the conspiracy to do the act or wrong." (quoting 15A C.J.S. Conspiracy § 33, at 718) (internal quotations omitted), *overruled on other grounds by Paradis*, 861 S.E.2d 774). According to the recommendation in the Report, the claim against Defendant SLED for civil conspiracy should be

[5] While the SCTCA excludes liability for employee conduct outside the scope of his official duties, or for conduct involving actual malice or intent to harm pursuant to S.C. Code Ann. § 15-78-60(17), SLED Defendants' Motion to Dismiss does not raise the SCTCA as grounds for dismissal of the civil conspiracy claim. As such, this defense is not properly before the court at this stage.

dismissed. [ECF No. 25 at 21 (quoting *Landon v. Vaden of Beaufort, Inc.*, No. 9:23-cv-01956-RMG-MHC, 2023 WL 8703569, at *10 (D.S.C. Nov. 30, 2023) ("[B]ecause Plaintiff does not 'plead additional facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint,' dismissal of the civil conspiracy claim is merited."), *report and recommendation adopted sub nom. Landon v. Vanden of Beaufort, Inc.*, 2023 WL 8702742 (D.S.C. Dec. 15, 2023)).]

Plaintiff objects. She argues there are two reasons the recommendation should be rejected. First, she maintains she pled each of the four required elements of civil conspiracy under South Carolina law as stated in *Paradis.* Second, she argues her Amended Complaint does plead actions taken by Defendants separate and independent from those underlying her § 1983 constitutional claims and other causes of action. [ECF No. 27 at 7.]

The court agrees that, at the motion to dismiss stage, Plaintiff's Amended Complaint adequately pleads actions taken by Defendants separate and independent from those that form the basis of her § 1983 constitutional causes of action.[6] In particular, she identifies "acts of coordination between Defendants Medlin and Norris that occurred before, during the run-up to,

---

[6] However, the court notes, Plaintiff's objection to the Report conflates two distinct pleading requirements. Although *Paradis* recently abrogated the special damages pleading requirement from *Todd*, it *did not* eliminate the requirement that a plaintiff alleging civil conspiracy plead facts demonstrating conduct in furtherance of the conspiracy that is separate and independent from the other wrongful acts alleged in the complaint. *See Paradis*, 861 S.E.2d 774; *Todd*, 278 S.E.2d at 612. South Carolina law has long held that a plaintiff must "plead additional facts in furtherance of the conspiracy *separate and independent from other wrongful acts alleged in the complaint*[.]" *Hackworth*, 682 S.E.2d at 875 (emphasis added); *see also Cupo v. Cupo*, No. 2:24-CV-01002-BHH-MGB, 2026 WL 3545546, at *8 (D.S.C. Aug. 17, 2026) (same). Plaintiff cites *Griffin v. Giovino*, 920 S.E.2d 418 (S.C. Ct. App. 2025), and *Pampu v. Wingo*, 918 S.E.2d 717 (S.C. Ct. App. 2025), as support that civil conspiracy claims do not require "wholly distinct facts from a plaintiff's other causes of action." [ECF No. 27 at 8–9.] However, nothing in *Griffin* or *Pampu* purports to change the law in South Carolina, and even assuming it did, the Court of Appeals has no authority to overrule the South Carolina Supreme Court's ruling in *Todd* or *Paradis*.

and immediately following the seizure." [ECF No. 27 at 10.] Specifically, Plaintiff alleges Defendant Norris called Defendant Medlin on April 15, 2024, requesting Defendant Medlin patrol PHES to address parking practices Defendant Norris did not have the authority to address. [ECF No. 16 at ¶¶ 24, 28.] And then on April 17, 2024, Defendant Norris called Defendant Medlin to report Plaintiff's actions and then transmitted a photograph of Plaintiff's vehicle by text message to Defendant Medlin. *Id.* at ¶¶ 112 (a), (b). Construing these facts in the Plaintiff's favor, the court finds Plaintiff has alleged sufficient facts, separate and independent from the wrongful acts alleged in the Amended Complaint to survive SLED Defendants' Motion to Dismiss as to her civil conspiracy claim.[7]

Accordingly, for the reasons set forth above, the court disagrees with the Report. Plaintiff's civil conspiracy claim against Defendant SLED should survive the Motion to Dismiss based on the facts alleged in the Amended Complaint.

**c. Abuse of Process**

The magistrate judge recommends dismissal of Plaintiff's abuse of process claim against Defendant SLED, and Plaintiff does not object. Finding no clear error in the Report, the court grants SLED Defendants' motion and dismisses this claim as to SLED.

## CONCLUSION

After a thorough review of the applicable law, the record of this case, and having performed a *de novo* review of the portions of the Report to which objections were made, the court hereby adopts the Report and Recommendation, ECF No. 25, in part, and modifies the Report's recommendation as to the civil conspiracy claim against Defendant SLED. For the reasons

---

[7] Further, the court does not address the presence or absence of an agreement of SLED Defendants and Defendant Medlin as required under a civil conspiracy claim, as SLED Defendants challenged only the separate-acts requirement of Plaintiff's civil conspiracy claim.

discussed above and in the Report, SLED Defendants' Motion to Dismiss, ECF No. 21, is **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff's gross negligence and abuse of process claims against Defendant SLED are dismissed. However, the civil conspiracy claim against Defendant SLED will proceed. Plaintiff's § 1983 claims against Defendant Norris for malicious prosecution and excessive force will proceed, but her § 1983 false arrest claim against Defendant Norris is dismissed.

**IT IS SO ORDERED.**

November 24, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge